**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.R.-1**

**No. 22-0272** (Jefferson County 21-JA-47)

**MEMORANDUM DECISION**

Petitioner Father S.R.-2[1] appeals the Circuit Court of Jefferson County's March 7, 2022, order terminating his parental rights to S.R.-1.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

In May of 2021, the DHHR filed a child abuse and neglect petition against petitioner and the mother, raising allegations of substance abuse and domestic violence. Specifically, the DHHR alleged that petitioner grabbed the mother by the hair, slapped her several times, wrestled her to the ground, smashed her phone, and destroyed personal property in her apartment, all of which occurred in the child's presence. The DHHR further alleged that the maternal grandmother observed a bong and a glass pipe in the mother's home with the child in the same room and she noted that the home smelled of marijuana. Petitioner was eventually arrested as a result of the domestic violence incident.

At an adjudicatory hearing in July of 2021, petitioner stipulated to the allegations contained in the petition. The circuit court accepted petitioner's stipulation, adjudicated him as an abusing parent, and granted him a post-adjudicatory improvement period. Over the course of the next few months, the circuit court held two review hearings, during which the court was advised that petitioner tested positive for marijuana, missed several drug screens, missed parenting and adult life skills classes and domestic violence counseling, and was unemployed. Orders entered following both hearings noted that petitioner was not in substantial compliance with his improvement period.

---

[1]Petitioner appears by counsel Sarah N. McAllister. The West Virginia Department of Health and Human Resources appears by counsel Patrick Morrisey and Brittany Ryers-Hindbaugh. Lisa A. Green appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e). Because the child and father share the same initials, we will refer to them as S.R.-1 and S.R.-2, respectively.

The court held the dispositional hearing in February of 2022. A DHHR worker testified that petitioner failed to comply with the terms and conditions of his improvement period. Specifically, the worker testified that petitioner tested positive for marijuana sporadically in the beginning of the case, followed by a period during which he tested negative for all substances. However, petitioner tested positive for marijuana sometime around November 2021 and on February 7, 2022. The worker also testified that petitioner attended only one parenting class and one adult life skills class and had not attended any domestic violence classes since October of 2021. The worker noted that, despite the fact that the case was initiated due to domestic violence, petitioner and the mother were seemingly still together, and the worker had received photographs that petitioner had significantly damaged the mother's car by jumping on its back window and breaking it.

Petitioner testified that he was suspended from his domestic violence classes for nonattendance. Petitioner stated that he initially did not see the point in going and stopped attending for no reason. Petitioner testified that he was eventually readmitted to domestic violence classes but again ceased participating because he was "not really a people person." Petitioner further testified that he did not initiate individual counseling until December of 2021, and missed his first appointment, causing him to be placed back on the waitlist. Petitioner admitted that he had last smoked marijuana approximately one month prior to the hearing. When asked what he had done to correct the conditions of abuse, petitioner stated that he ceased hanging out with negative acquaintances and smoking marijuana. Petitioner admitted that he was unemployed, that jobs at fast food restaurants did not pay enough, and that he could not get higher paying jobs because of his criminal record. Nevertheless, petitioner requested an extension to his improvement period or a post-dispositional improvement period, stating that he completed drug screens, signed up for classes and attended a few, contacted a facility about individual counseling, and participated in his psychological evaluation.

Ultimately, the circuit court found that petitioner failed to comply with his improvement period and he was unlikely to fully and successfully participate in any additional improvement period. The court found that petitioner was unmotivated, failed to complete his domestic violence classes, failed to engage in individual counseling, failed to gain employment, and failed to gain any insight into his actions. As such, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare.[3] The circuit court granted petitioner post-termination visitation at the discretion of the foster parents at a later date. It is from the March 7, 2022, dispositional order terminating petitioner's parental rights that he appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner first argues that the court erred in refusing to extend his post-adjudicatory improvement period or, alternatively, in

---

[3]The mother's rights were also terminated below. The permanency plan for the child is adoption.

refusing to grant him a post-dispositional improvement period. Petitioner argues that he participated in all multidisciplinary team ("MDT") meetings, admitted when he abused marijuana, participated in visits with the child, completed his psychological evaluation, participated in one parenting and adult life skills class each, and consistently submitted to screens. As such, petitioner argues that he was making progress and that an extension or an additional improvement period would have been in the child's best interest, and termination of his parental rights was not the least-restrictive disposition.

Pursuant to West Virginia Code § 49-4-610(6), a circuit court may grant an extension to an improvement period not to exceed three months when (1) the respondent parent has substantially complied with the terms of the improvement period, (2) the extension will not substantially impair the ability of the DHHR to permanently place the child, and (3) the extension is in the best interest of the child. According to West Virginia Code § 49-4-610(3)(D), in order to obtain a post-dispositional improvement period after obtaining a prior improvement period, a respondent parent is required to demonstrate a substantial change in circumstances that would cause him to be likely to fully participate. Here, we find that petitioner failed to establish that he was entitled to either an extension of his post-adjudicatory improvement period or to a post-dispositional improvement period. First, petitioner failed to substantially comply with his improvement period. While petitioner attended MDT meetings, submitted to drug screens, and participated in visits with the child, he failed to comply with other aspects of his improvement period and, ultimately, failed to remedy the conditions of abuse and neglect. Specifically, petitioner attended only one parenting class and one adult life skills class, failed to complete his domestic violence classes, frequently tested positive for marijuana, failed to set up individualized counseling, remained unemployed, caused damage to the mother's car, and minimized the extent of the abuse he had perpetrated during his testimony at the dispositional hearing. Given this evidence, we find petitioner's testimony, that he was making progress, to be disingenuous and inaccurate. Moreover, petitioner failed to demonstrate that he experienced a substantial change in circumstances. In his brief on appeal, petitioner simply argues that he stopped hanging out with the acquaintances with whom he smoked marijuana. Considering petitioner's substantial noncompliance, we find this one step towards his sobriety does not amount to a substantial change in circumstances. Accordingly, because petitioner failed to substantially comply with the terms of his improvement period and failed to demonstrate a substantial change in circumstances, we find no error in the circuit court's decision to deny him either an extension to, or an additional improvement period.

Because petitioner's sole argument regarding termination is that he should have been granted additional time to complete an improvement period, his argument necessarily fails given that we find he was not entitled to additional time. We further note that the circuit court made the findings required by West Virginia Code § 49-4-604(c)(6) to terminate parental rights, which petitioner does not contest. As such, we find no error in the termination of petitioner's parental rights.

Lastly, petitioner argues that the circuit court erred in denying him post-termination visitation with the child as a matter of right, instead granting the foster parents the discretion to grant or deny him visitation. Pursuant to Rule 15 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, "[t]he effect of entry of an order of termination of parental rights

3

shall be . . . to prohibit all contact and visitation between the child . . . and the parent . . . , unless the [c]ourt finds the child consents and it is in the best interest of the child to retain a right of visitation." What petitioner fails to recognize, however, is that we have explained that "[s]uch post-termination visitation or other continued contact where determined to be in the best interest of the child could be ordered not as a right of the parent, but rather as a right of the child." *In re Christina L.*, 194 W. Va. 446, 455 n.9, 460 S.E.2d 692, 701 n.9 (citation omitted). As such, it is clear that petitioner was not entitled to post-termination visitation as a matter of right, and the circuit court did not err in denying him the same.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 7, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn